IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON AL STEWART,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>AGEWELL HOME HELPERS, INC., D/B/A<br>AGEWELL CAREGIVER SERVICE,<br>RAVI GURUNG, AND MEENA GURUNG<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:21-cv-108<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

## COMPLAINT

Plaintiff, Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Agewell Home Helpers, Inc., a Pennsylvania corporation, d/b/a Agewell Caregiver Service, Ravi Gurung, individually and as owner, officer, and manager of the aforementioned company, and Meena Gurung, individually and as owner, officer, and manager of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Defendant Agewell Home Helpers, Inc. ("Agewell") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania. Agewell's registered address and principal place of business is 110 Munsey Avenue, Pittsburgh, PA, within the jurisdiction of this Court. Agewell is engaged in a domestic homecare business operating out of this same location, within the jurisdiction of this Court.

3.      Defendant Ravi Gurung is the corporate secretary, treasurer, and co-owner of Agewell. Mr. Gurung directed employment practices and has directly or indirectly acted in the interest of Agewell in relation to its employees at all relevant times herein, including interviewing, hiring, and setting pay rates for employees, and setting the conditions of employment for employees. Mr. Gurung resides at 110 Munsey Avenue, Pittsburgh, PA, within the jurisdiction of this Court.

4.      Defendant Meena Gurung is the corporate president, chief executive officer, and co-owner of Agewell. Ms. Gurung directed employment practices and has directly or indirectly acted in the interest of Agewell in relation to its employees at all relevant times herein, including interviewing, hiring, and setting pay rates for employees, and setting the conditions of employment for employees. Ms. Gurung resides at 110 Munsey Avenue, Pittsburgh, PA, within the jurisdiction of this Court.

5.      Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act. Agewell's employees employed as direct care workers ("DCWs") or caregivers provide in-home care services to Agewell's clients.

6.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those

prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

7. For example, during the time period from at least May 27, 2017, through at least May 23, 2020, Defendants failed to compensate certain of their employees employed as direct care workers ("DCWs") or caregivers (collectively, "employees") who worked over 40 hours in a workweek hours at rates not less than one and one-half times their regular rates. During this time period, these employees worked at least one hour in excess of forty per workweek. During this time period, employees worked an average of approximately 55 hours per workweek.

8. Defendants paid employees at established regular hourly rates ranging between approximately $12.50 and $13.50 per hour. Defendants paid employees at this straight time regular rate for all hours up to forty per workweek. Defendants paid certain employees their straight-time hourly rates for all hours worked on the face of Defendants' payroll records, and did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

9. In workweeks in which certain other employees worked in excess of forty per workweek, Defendants reduced employees' regular hourly rates, which caused these employees' overtime premium rates to fall correspondingly. Defendants manipulated these employees' regular rates such that they always received the equivalent $12.50 to $13.50 regular rate for all hours worked, including hours worked over forty. Defendants only lowered these employees' regular rates in overtime workweeks. When these certain employees resumed working non-

overtime workweeks, Defendants resumed paying these employees their established regular rates typically between $12.50 to $13.50 per hour.

10. Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants intentionally manipulated certain employees' regular rates to create the appearance of paying an overtime premium but in reality paying the same rate for all hours. They did so by reducing certain employee' regular rates, but only in workweeks in which those certain employees worked in excess of forty hours per workweek. Defendants also simply paid certain other employees straight time for all overtime hours worked, and not the required time and one-half premium rates, despite being aware of the overtime requirement.

11. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

12. For example, due to their practice of lowering employees' regular rates in overtime workweeks and paying employees straight time for overtime, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' regular hourly rates of pay, daily and weekly hours worked, total weekly straight-time earnings, and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least May 27, 2017, through at least May 23, 2020, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 23, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Stanley E. Keen<br>Deputy Solicitor for National Operations<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5141 (voice)<br>(215) 861-5162 (fax) | */s/ Brian P. Krier*<br>By: Brian P. Krier<br>PA ID # 313826 |
| krier.brian@dol.gov | Attorneys for Plaintiff |
| Date: January 26, 2021 | |