IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-cv-108-DSC ) |
| AGEWELL HOME HELPERS, INC., D/B/A AGEWELL CAREGIVER SERVICE, RAVI GURUNG, AND MEENA GURUNG | ) ) ) ) ) |
| Defendants. | ) ) |

## OPPOSITION TO DEFENDANTS' MOTION FOR STATUS CONFERENCE AND TO STAY DEADLINES PENDING STATUS CONFERENCE

The Acting Secretary opposes Defendants' motion seeking a status conference to discuss *Corner Post Inc. v. Board of Governors of the Federal Reserve System*, 144 S.Ct. 2440 (2024). While Defendants have not yet formally asked the Court to stay this action pending the outcome of their declaratory judgment action[1] (or consolidate it with that action), they have indicated their intention to do so at the requested status conference. Because there is no basis for stay or consolidation, there is no reason for the Court to schedule a status conference.

As Defendants recognize, their declaratory judgment action, which is still pending in the Third Circuit, involves not only the statute of limitations applicable to challenges to agency action under the Administrative Procedure Act (the issue addressed in *Corner Post*), but also the "threshold issue" of "whether Agewell can maintain an affirmative suit challenging the 2013

---

[1] *Agewell Home Helpers, Inc. v. Dep't of Labor*, 2:20-cv-1773 (W.D. Pa.), consolidated at 2:20-cv-01545; *Intra-National Home Care LLC, et al. v. Dep't of Labor*, 22-2628 (3rd Cir.).

regulation even though it is the subject of an enforcement action and was aware that it was under investigation when it brought this suit." ECF 62-1 (letter from U.S. Department of Justice to the Third Circuit). Defendants' arguments regarding *Corner Post* and whether they can continue to pursue their case against the Department are properly raised before the Third Circuit in that case, not before this Court. Whether Agewell's declaratory judgment action should be dismissed is not at issue here.

Moreover, this Court already denied a motion filed by Agewell's co-plaintiff in the declaratory judgment action to stay the government's enforcement action against it in *Su v. Intra-National Home Care, LLC, et al.*, 2:21-cv-1391 DSC, ECF 105 (denying Intra-National's motion to stay). As the Department argued in response to that motion (*id.* at ECF 72), there are numerous reasons why this matter (like *Intra-National*) should not be delayed pending the resolution of the declaratory judgment action, regardless of how the statute of limitations issue addressed in *Corner Post* is ultimately resolved in that case. For example, such a stay would potentially be quite lengthy -- there is no indication when the Third Circuit may rule on the pending appeal in the declaratory judgment action, and should the case be remanded as Defendants wish, it could easily be years before the District Court rules on the merits and a subsequent appeal concludes. Defendants' employees have waited as many as seven years to be paid their wages, and a stay of such indefinite nature would exacerbate the economic hardship and fundamental unfairness resulting from these delayed payments.

Even in the event that Agewell prevailed in its pending appeal, Agewell will ultimately fail in its quest to invalidate a regulation that has already been upheld by the D.C. Circuit, with the U.S. Supreme Court denying *certiorari*, *Home Care Ass'n of Am. V. Weil*, 799 F.3d 1084 (D.C. Circ. 2015), *cert. denied*, 579 U.S. 927 (2016). Moreover, Defendants will have an

opportunity to challenge the application of the 2013 third party employer regulation in this enforcement case. Allowing this enforcement case to proceed would mean the question of Defendants' liability based on the applicable law and relevant facts could be fully resolved without additional unnecessary delay.

Finally, contrary to Defendants' assertions, the first-to-file rule does not warrant a stay. While the declaratory judgment action was filed before this case, it was filed as an impermissible anticipatory suit to avoid liability after Defendants knew that the Department of Labor was investigating them. At that time, Defendants knew that they were paying straight time compensation for overtime hours worked and also knew that this practice was prohibited by the Department's regulations. Filing a facial challenge to the Department's regulations while under federal investigation is the kind of anticipatory challenge that is exempt from the first-filed rule. *See, e.g.*, *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 977 (3d Cir. 1988) (holding that the first-filed rule "should not apply when at least one of the filing party's motives is to circumvent local law and preempt an imminent … action").

The first-filed rule also does not apply because the two cases raise distinct issues. *See id.* at 971 (explaining that the first-filed rule "gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and *the same issues* already before another district court" (emphasis added)). The declaratory judgment action is a facial attack on the 2013 third party employer regulation under the Administrative Procedure Act, but the instant case is an enforcement action arising from Defendants' failure to pay proper overtime compensation to its employees under the Fair Labor Standards Act. The resolution of the question whether the 2013 third party employer regulation is valid would still leave open the issue of whether the relevant FLSA exemptions apply to their employees, as Defendants would still bear the burden

of proving that either the companionship services or live-in domestic service employee exemption applied.

The Acting Secretary is prepared to address these arguments in greater detail should Defendants file a motion to stay or consolidate this matter.

WHEREFORE, Plaintiff respectfully requests that this Defendants' Motion be DENIED.

Respectfully submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968
O:  215-861-5128
luby.andrea@dol.gov

**UNITED STATES DEPARTMENT OF LABOR**

Seema Nanda
Solicitor of Labor

Samantha N. Thomas
Regional Solicitor

*/s/ Andrea Luby*
Andrea Luby
Senior Trial Attorney
PA Bar No. 321609

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide notice and an electronic link to this document to the attorneys of record in this case.

<em>/s/ Andrea Luby</em><br>Andrea Luby